UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ray Anderson, | Case No. 2:24-cv-00199-JAD-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER AND REPORT AND RECOMMENDATION** |
| Adam Seely, et al., | |
| Defendants. | |

Nevada state-prison inmate Ray Anderson brings this civil-rights case under 42 U.S.C. § 1983 for events that allegedly occurred in May 2020 when he was arrested by the Las Vegas Metropolitan Police Department. Anderson moves to proceed *in forma pauperis*. ECF No. 1. Anderson submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. His request to proceed *in forma pauperis* therefore will be granted. The court now screens Anderson's second amended complaint (ECF No. 5) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.[1]

**I.     ANALYSIS**

  **A.  Screening standard for pro se prisoner claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

---

[1] The Court notes Anderson previously filed an original complaint (ECF No. 1-1) and an amended complaint (ECF No. 4). Given he filed a second amended complaint (ECF No. 5), the Court disregards the previous two complaints.

(2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the amended complaint**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated;

and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 complaints challenging the constitutionality of an arrest for lack of probable cause may be brought under the Fourth Amendment. "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)).

### 1. Claims against Officers Mermini, Williams, Seely, Riley, and Avalos.

Here, Anderson states a colorable unlawful search and seizure claims against Officers Seely, Riley, Williams, Avalos, and Mermini. He alleges that on May 16, 2020, Officer Mermini provided false information to Officers Williams, Seely, and Riley who followed him and, together with Officer Avalos, unlawfully arrested him. He cites to case No. 20-cr-152, which is the criminal case that wad filed based on the May 16, 2020 arrest. Anderson explains that case was dismissed based on a finding that the search and seizure violated the Fourth Amendment. As a result, Anderson has sufficiently alleged facts for the unlawful search and seizure claim to proceed against Officers Mermini, Williams, Seely, Riley, and Avalos in their individual capacities.

### 2. Claims against Core Civic

The Court notes that Anderson added Core Civic as a Defendant. It is not clear what role the private detention center played in the alleged incident. As a result, the Court will dismiss this Defendant with leave to amend.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Southern Desert Correctional Facility shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Ray Anderson, # 1012923 (in months that the account exceeds $10.00) until the full $405 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Warden Najera at 20825 Cold Creek Rd., Las Vegas, NV 89166.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to: (1) issue summons to the following Defendants: Officers Adam Seely, Grant Riley, Justin Williams, Jasmine Avalos, and Mermini; (2) deliver the summonses along with 5 copies of the second amended complaint (ECF No. 5) to the U.S. Marshal for service; and (3) mail Plaintiff 5 blank copies of Form USM-285. Once Plaintiff received the USM-285 forms, Plaintiff must fill in defendants' last-known addresses so that the defendants may be served.

**IT IS FURTHER ORDERED** that Plaintiff shall have until August 23, 2024, to send the U.S. Marshal the required Form USM-285. Within twenty-one days after receiving a copy of the Form USM-285 back from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff will have until August 23, 2024, to file an amended complaint. Failure to file an amended complaint by that date may result in the case proceeding only against Officers Mermini, Williams, Seely, Riley, and Avalos. Should Plaintiff choose to file an amended complaint he must be aware that it will supersede all previous complaints. As a result, the amended complaint must be complete in and of itself as the Court will not look at previous complaints to piece claims together.

**IT IS FURTHER ORDERED** that Plaintiff shall have until October 23, 2024, to serve the Defendants. Fed. R. Civ. P. 4(m).

DATED: July 23, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE