UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ray Anderson, | Case No.: 2:24-cv-00199-JAD-BNW |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss and Closing Case** |
| Adam Seely, et al., | [ECF No. 13] |
| Defendants | |

Plaintiff Ray Anderson sues law-enforcement personnel associated with the Las Vegas Metropolitan Police Department, alleging that they violated his constitutional rights when they followed, searched, and arrested him based on a purportedly false report that Anderson had left the scene of a car accident involving injuries. Although he alleges that these violations occurred between May 16, 2020, and January 21, 2022, the criminal docket related to this incident reflects that Anderson was arraigned on July 9, 2020, and the charges were ultimately dismissed on October 7, 2021.[1] Because Anderson did not file this suit until January 2024, the defendants move to dismiss it with prejudice as time-barred by the applicable two-year statute of limitations.[2]

Anderson's deadline to oppose that motion was September 24, 2024, and mail sent by this court was returned as undeliverable, alerting this court to the fact that Anderson had been moved to a different Nevada Department of Corrections facility.[3] So I directed the Clerk of Court to re-send a copy of the motion to dismiss and all related documents to Anderson at his

---

[1] ECF No. 14-1. I grant the defendants' request for judicial notice, ECF No. 14, and I take judicial notice of these publicly available court documents.

[2] ECF No. 13.

[3] ECF Nos. 17, 18.

new facility by U.S. Mail and email, and I enlarged his response deadline to October 31, 2024.[4] Although Anderson has filed a notice of change of address, updating his address to the one that I had the motion re-sent to,[5] he has not filed any response to the motion to dismiss.

      This court's Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." I apply this rule and deem the plaintiff's failure to respond to the motion to dismiss as consent to granting the motion. IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 13] is GRANTED; this case is DISMISSED with prejudice as time barred. The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.**

                                                               _____
                                                               U.S. District Judge Jennifer A. Dorsey
                                                               November 18, 2024

---

[4] ECF No. 24.
[5] ECF No. 26.